## Case No. 3,572.

### DARBY v. LUCAS.

### [5 N. B. R. 437.][1]

District Court, E. D. Missouri. Feb. 14, 1871.[2]

BANKRUPTCY—PREFERENCES—KNOWLEDGE OF CREDITOR.

A creditor who has reasonable cause to believe his debtor insolvent, and who receives payment of his debt or security, necessarily knows or has reasonable cause to believe that he is thereby obtaining a preference which is forbidden by law; but persons other than creditors dealing with an insolvent, even if they have reasonable cause to believe him insolvent, are not on the same footing, inasmuch as they do not necessarily enable the debtor to contravene the act, or defeat any of its requirements.

[See Alderdice v. State Bank of Virginia, Case No. 154.]

[See note at end of case.]

TREAT, District Judge. Under the provisions of the bankrupt act of 1867 [14 Stat. 517], on a correct exposition of which several cases depend, the ordinary dealings of men are not to be interrupted further than is necessary to secure equality among creditors, and honesty and lawful dealing by and with debtors. A creditor who has reasonable cause to believe his debtor insolvent, and who receives payment of his debt or security, necessarily knows or has reasonable cause to believe that he is thereby obtaining a preference which is forbidden by law. The fact that the debtor cannot pay all, and then pays some, works in itself the prohibited preference. Under such circumstances the debtor can ordinarily be forced into bankruptcy, and if not forced, it is his duty, unless all his creditors consent to indulge him, to apply for the benefit of the act. As soon as suit is brought by a creditor, if the debtor has no defence, he should apply to the bankrupt court, and thus have his creditors placed on a footing of equality. Hence a preference obtained through the voluntary action of a debtor, or by his passiveness, is a preference either procured or suffered by him. But persons other than creditors deal-

---

[1] [Reprinted by permission.]

[2] [Affirmed in Case No. 3,573.]

ing with an insolvent, even if they have reasonable cause to believe him insolvent, are not on the same footing, inasmuch as their purchases do not necessarily enable the debtor to contravene the act or defeat any of its requirements. The purchase money may furnish the needed means of extricating the debtor from his embarrassments, especially if he be engaged in a pursuit whereby insolvency is not determinable by the ultimate outcome, but by his ability to meet his liabilities as they mature in the ordinary course of business. Mr. Darby was a banker, and therefore would have been insolvent whenever his banking liabilities were not promptly met. It seems that they had been met up to the date of this sale of real estate, though by extraordinary shifts in borrowing, and that some of his real estate paper had been past due for some time. But it also seems that he had resorted to street brokers for ten or more years, and that he has had a reputation for wealth, as owning large landed interests. Some of this paper passed through the hands of street brokers into the possession of the savings institution of which the defendant was a director, and the cashier of that institution was the agent of Mr. Darby in negotiating the sales. It seems that the inference is as natural that the officers of the institution, though they may have thought him embarrassed, also deemed his paper good, as it would not have been bought, as that they believed it to be as uncertain or worthless. The sale of realty was not out of the usual course of business within the meaning of the bankrupt act, and therefore it is for the plaintiff to make out his case affirmatively. The fact that paper secured by a deed of trust is permitted to remain past due for a length of time, indicates either a virtual renewal of the loan, or consent given and does not therefore necessarily subject the debtor to the penalties of the act.

Without, however, analyzing the testimony in detail, or passing formally upon each of the many incidental points of law presented, it must suffice that this court holds that to void the deed it must be satisfactorily proved that the defendant had reasonable cause to believe: First, that Mr. Darby was insolvent or in contemplation of insolvency; and, second, that by the transaction Mr. Darby intended to contravene the bankrupt act. Now, if for the sake of argument, it were admitted that defendant knew Darby to be technically insolvent, still the second element would have to be proved, without which the highly penal provisions of sections 35 and 39 are not applicable. As it is clear to the mind of the court that the proof falls far short of making out the second element named, it is unnecessary to inquire particularly into the first. The court holds that under the second clause of section 35, in a case like that under consideration, the reasonable cause to believe each of the two

elementary facts must be satisfactorily proved in order to void the deed.

[NOTE. The bill having been dismissed, pursuant to the above opinion, complainants appealed to the circuit court, where the decree was affirmed on substantially the same grounds. Case No. 3,573. Complainants then took an appeal to the supreme court, which in turn affirmed the judgment of the circuit court on like grounds. Tiffany v. Lucas, 15 Wall. (82 U. S.) 410.]